UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND; and JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND and TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND, Plaintiffs, vs. UNIVERSAL CONSTRUCTION SERVICES, INC., Defendant, and EASTERN BANK, Trustee. | C.A. No. |

**VERIFIED COMPLAINT**

**NATURE OF ACTION**

1. This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans under the terms of collective bargaining agreements and the plans.

## JURISDICTION

2.     The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.     Plaintiff Barry C. McAnarney is the Executive Director of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4.     Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). It provides participants with a defined pension benefit. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5.     Plaintiff Barry C. McAnarney is also the Executive Director of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). This Fund is a defined contribution fund. The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6.     Plaintiff James V. Merloni, Jr. is the Administrator of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare

2

benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). This Fund trains apprentices and journey workers in the construction industry. The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. Plaintiff James V. Merloni, Jr. is also a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Universal Construction Services, Inc. ("Universal") and the Massachusetts Laborers' District Council ("Union").

9. Defendant Universal is a Massachusetts corporation with a principal place of business at 34 Broadway, Wakefield, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 of the LMRA, 29 U.S.C. §185.

10. Upon information and belief, Eastern Bank is a banking institution holding assets of Defendant.

## GENERAL ALLEGATIONS OF FACT

11. On or about August 13, 2001, Universal signed a Memorandum of Agreement, in which it agreed in writing and in relevant part to be bound to the terms of three collective bargaining agreements entered into by the Massachusetts Laborers' District Council ("the

Union") on behalf of its local unions, and various contractors and construction associations throughout the District Council's territorial jurisdiction. A copy of that Memorandum of Agreement is attached hereto as Exhibit A.

12. Pursuant to its having signed the Memorandum of Agreement, Universal became bound to the terms of the Building and Site Agreement between the Union and Associated General Contractors of Massachusetts, Inc. and Building Trades Employers' Associated (sic) of Boston and Eastern Massachusetts, Inc. ("the Agreement"); the Building and Site Agreement between the Union and Construction Industry Association of Western Massachusetts, Inc.; and the Agreement between the Union and General Contractors' Association of Pittsfield, Massachusetts (hereinafter the "CBAs"). All of the CBAs' terms that are relevant to this case are materially the same as those contained in the Agreement. Copies of the relevant pages of the 2008 - 2012 Agreement are attached hereto as Exhibit B.

13. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein. See Ex. B, pp. 19-28.

14. The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust Fund, the Massachusetts Construction Advancement Program and the Massachusetts Laborers' Unified Trust for each hour worked by covered employees at prescribed rates. Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id. at 17-18, 22-23, 27-30. The Funds and the Union have an agreement which allows the Funds to collect the dues on behalf of the Union.

15. All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs of the action to collect the delinquency. See Ex. B, pp. 30-31.

16. Signatory contractors such as Universal are obligated to submit remittance reports on a monthly basis, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

17. Universal has failed to submit reports or remit contributions for the period January through March, 2011 although, on information and belief, it employed laborers during that period. In addition, Universal owes the Funds $32.64 in underpayments and $1,667.46 in interest for paying its September through December, 2010 contributions late.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

18. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 17 above.

19. The failure of Universal to make payment of all contributions owed to Plaintiff Funds on behalf of all covered employees violates §515 of ERISA, 29 U.S.C. §1145.

20. Absent an order from this Court, Universal will continue to ignore its obligations to remit the contributions it owes to the Funds.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT - DELINQUENT CONTRIBUTIONS, INTEREST, AND DUES

22. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 above.

23. The CBA is a contract within the meaning of §301 of the LMRA, 29 U.S.C. §185.

24. The failure of Universal to pay the contributions it continues to owe for January through March, 2011, to pay the $32.64 in underpayments and $1,667.46 in interest on late-paid contributions, to remit the deducted dues and to submit remittance reports violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Universal held by Eastern Bank;

b. Order the attachment of the machinery, inventory and accounts receivable of Universal;

c. Order Universal to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

d. Enter a preliminary and permanent injunction enjoining Universal from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

e.  Enter a preliminary and permanent injunction enjoining Universal from refusing or failing to pay contributions owed to the Funds;

f.  Enter judgment in favor of the Funds on Count I in the amount of all contributions due for the months from January through March, 2011, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

g.  Enter judgment in favor of the Funds on Count II for the amount of any unpaid contributions and dues from January through March, 2011, plus $32.64 in underpayments and $1,667.46 in interest on late-paid contributions, and any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action; and

h.  Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

BARRY C. McANARNEY, as he is
EXECUTIVE DIRECTOR,
MASSACHUSETTS LABORERS'
HEALTH AND WELFARE FUND, *et al.*,

By their attorneys,

/s/ Anne R. Sills
Anne R. Sills, Esquire
BBO #546576
Kathryn S. Shea, Esquire
BBO # 547188
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109

(617) 742-0208, Ext. 232
asills@segalroitman.com

Dated: May 9, 2011

## VERIFICATION

I, Barry C. McAnarney, Executive Director for the Massachusetts Laborers' Health and Welfare, Pension, and Annuity Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 6 DAY OF MAY ___, 2011.

Barry C. McAnarney

ARS/ars&ts
6306 10-358/complt.doc