# BUILDING AND SITE CONSTRUCTION AGREEMENT

between

## MASSACHUSETTS LABORERS' DISTRICT COUNCIL

of the

## LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
## AFL-CIO

and

## THE LABOR RELATIONS DIVISION OF THE
## ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS, INC.

and

## BUILDING TRADES EMPLOYERS' ASSOCIATION OF
## BOSTON AND EASTERN MASSACHUSETTS, INC.



### EFFECTIVE:
### JUNE 1, 2008 - MAY 31, 2012

## AGREEMENT

This Agreement made and entered into this 1st day of June, 2008 by and between the LABOR RELATIONS DIVISION OF THE ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS, INC., THE BUILDING TRADES EMPLOYERS' ASSOCIATION OF BOSTON AND EASTERN MASSACHUSETTS, INC., corporations organized and existing under the laws of the Commonwealth of Massachusetts, referred to hereinafter as the "ASSOCIATIONS", acting for and on behalf of and under the authority of their members whose names appear on Schedules "I" & "II" attached hereto and any other member joining said Associations during the term of this Agreement it is authorized and has agreed to represent and such other Building Contractors who execute an Acceptance of the terms and provisions of this Agreement hereinafter referred to as the "EMPLOYER", and the MASSACHUSETTS LABORERS' DISTRICT COUNCIL, hereinafter referred to as the "UNION", acting for and in behalf of Local Unions No. 22 Boston, 39 Fitchburg, 88 Boston, 133 Quincy, 138 Norwood, 151 Cambridge, 175 Lawrence, 223 Boston, 243 Worcester, 385 New Bedford, 429 Lowell, 560 Waltham, 609 Framingham, 610 Fall River, 721 Brockton, 473 Pittsfield, 596 Holyoke, 999 Springfield and 876 Taunton, Massachusetts, of the Laborers' International Union of North America, each hereinafter referred to as the "Local Union".

## PREAMBLE

This Agreement is entered into to facilitate the adjustment of grievances and disputes between the Employers and employees; to provide, insofar as possible, for the continuous employment of labor and to bring about stable conditions in the industry, and to establish necessary procedure for the amicable adjustment of all disputes which may arise between Employers and employees.

## DECLARATION OF PRINCIPLES

There shall be no discrimination against any Laborer by reason of race, creed, color, sex, age or national origin. The Employer shall abide by the Federal Williams-Steiger Occupational Safety and Health Act, the Environmental Protection Act and the laws and regulations administered by the Massachusetts Department of Environmental Quality Engineering pertaining to Asbestos Removal.

1

# ARTICLE I
## TERRITORIAL JURISDICTION

This Agreement shall apply to the cities and towns within the Counties of Barnstable, Bristol, Dukes, Essex, the Towns of North Orange and Warwick in Franklin County, Middlesex, Nantucket, Norfolk, Plymouth, Suffolk and Worcester in the Commonwealth of Massachusetts; the town of Salem in Rockingham County, New Hampshire.

The Associations, on behalf of their members who have authorized them to bargain on their behalf with the Union, further agree to abide by the so-called Building and Site Agreements entered into by and between the General Contractor's Association of Pittsfield, Massachusetts and Local 473 (Pittsfield, Mass.), and by and between the Construction Industry Association of Western Massachusetts, Inc. and Local 596 (Holyoke, Mass.) and Local 999 (Springfield, Mass.) whenever such employer performs or oversees work performed within the territorial jurisdiction covered by the above-referenced Agreements and/or Local Unions.

# ARTICLE II
## UNION RECOGNITION, UNION SECURITY
## EMPLOYMENT OF LABORERS AND SUBCONTRACTORS

*Section 1.*   The Employer hereby recognizes and acknowledges that the Union is the exclusive representative of all employees in the classifications of work covered by this Agreement for the purpose of collective bargaining as provided by the Labor-Management Relations Act of 1947, as amended. The Employer will bargain in good faith with respect to renewal or extension of the current or any subsequent collective bargaining agreement.

Inasmuch as the Employer is satisfied that the Union represents a majority of its employees in the bargaining unit described herein, the Employer recognizes the Union as the exclusive bargaining agent under Section 9(a) of the National Labor Relations Act for all employees within the bargaining unit on all present and future job sites within the jurisdiction of the Union, unless and until such time as the Union loses its status as the employees' exclusive representative as the result of an NLRB election requested by the employees. The Employer agrees that it will not request an NLRB election and expressly waives any right it may have to

| | | |
|---|---|---|
| H & W | = | Massachusetts Laborers' Health and Welfare Fund Article XI |
| Pension | = | Massachusetts Laborers' Pension Fund Article XIII |
| Annuity | = | Massachusetts Laborers' Annuity Fund Article XVI |
| Nell-MCT | = | New England Laborers' Labor Management Cooperation Trust Article XVII |
| Unified Trust | = | Massachusetts Laborers' Unified Trust Article XIX |
| Training | = | New England Laborers' Training Trust Fund Article XIV |
| Legal | = | Massachusetts Laborers' Legal Services Fund Article XV |
| H & S | = | New England Laborers' Health and Safety Fund Article XII |
| MCAP | = | Massachusetts Construction Advancement Program Article XVIII |
| Dues & LPL | = | Dues of ($.88) per hour and Laborers' Political League (LPL) ($.02) per hour, deducted from net wages after taxes - Article VIII |

### Section 6.

a)   Forty (40) hours shall constitute a week's work for all Laborers; eight (8) hours shall constitute a day's work, from 8:00 AM to 12:00 Noon, and between 12:30 PM and 4:30 PM, on Monday, Tuesday, Wednesday, Thursday and Friday.  Work performed on Sundays and holidays requires a permit from the Union.   If any work is to be performed on Saturday, the Steward shall be notified.  In the event that a particular operation may request permission to deviate from the above hours, within the hours of 7:00 AM to 5:00 PM, such permission may be granted by the Business Manager and may be changed by mutual consent.

10

b)    The Employer may, upon notification to the Local Union in whose jurisdiction the project is located, work four (4) ten (10) hour days, Monday through Thursday at straight time, provided that a fifth day, if worked, shall be at least eight (8) hours long. Hours worked in excess of forty (40) for the week or ten (10) hours per day shall be paid for a time and one-half (1½) the basic wage rate. In the event there is lost time during the four (4) day work week for any reason beyond the Employer's control, including inclement weather or equipment breakdowns, then Friday may be worked as a make-up day at straight time, provided that the work shall be performed between the hours of 7 a.m. and 5:30 p.m.

***Section 7.***    When two (2) or more shifts are worked, they shall continue for at least three (3) consecutive regular workdays unless the Employer is prevented from working such days or any portion thereof because of conditions beyond his control, including weather conditions.

The first shift shall be of eight (8) hours, the second shift shall be of seven and one-half (7½) hours, and the third shift shall be of seven (7) hours and eight (8) hours pay shall be paid for each shift.

When working on Saturdays, the first shift shall work eight (8) hours and receive twelve (12) hours pay at the straight-time rate, the second shift shall work seven and one-half (7½) hours and receive twelve (12) hours pay at the straight-time rate, and the third shift shall work seven (7) hours and receive twelve (12) hours pay at the straight time rate.

When working on Sundays and holidays, the first shift shall work eight (8) hours and receive sixteen (16) hours pay at the straight-time rate and the second and third shifts shall work seven (7) hours each and receive sixteen (16) hours pay at the straight-time rate. A shift which begins at or after 12 Midnight Sunday shall be considered the third shift.

An employee who actually works either seven (7) or seven and one-half (7½) hours in accordance with the established shifts of this section, shall receive fringe benefit fund contributions based upon a minimum of eight (8) hours.

*Section 8.*   All time worked before and after the established work day of eight (8) hours, on Monday, Tuesday, Wednesday, Thursday, or Friday, and all time worked on Saturdays, shall be paid for at the rate of time and one-half the straight time rate.  All time worked on Sundays and holidays specified in Article IV shall be paid for at the rate of double the straight-time rate.

*Section 9.*   During the morning and afternoon working hours on each job, at a time specified by the contractor, a coffee or refreshment period, not to exceed five (5) minutes, shall be allowed.  One or more Laborer employees designated by the Job Superintendent or the Laborer Foreman shall obtain the coffee or refreshments provided it is readily available at the job site for each employee at his own expense.

*Section 10.*   In the alteration and repair of stores, industrial and commercial maintenance work, where the work cannot be performed during the regular working hours of 8:00 AM to 4:30 PM, this work shall be done under the wages covered by this Agreement with the shift premium for the first seven (7) hours work and the regular premium set forth in this Agreement to be paid after the seven (7) hours work.  On Saturdays, Sundays and holidays, the premium set forth in this Agreement shall prevail.

## ARTICLE IV
## HOLIDAYS

*Section 1.*   Employees covered hereunder shall be entitled to observe the following legal holidays enacted by Act of Legislation and shall be observed on the date set by the Commonwealth of Massachusetts:

|  |  |
|---|---|
| *New Year's Day* | *Patriots' Day* |
| *Washington's Birthday* | *Independence Day* |
| *Memorial Day* | *Columbus Day* |
| *Labor Day* | *Thanksgiving Day* |
| *Veterans' Day* | *Christmas Day* |

*Section 2.*  Any Employee who observes Martin Luther King, Jr. day shall not be subject to discrimination or retaliation of any type.

12

*Section 3.* The legal holidays to be observed in New Hampshire are those that are declared by an Act of the State Legislature.

*Section 4.* Employees who work on holidays listed above shall receive the applicable overtime rate as provided in Article III, Section 8.

*Section 5.* In Salem, New Hampshire, within the jurisdiction of Local Union 175, the fourth Monday in April, known as "Fast Day" shall be celebrated as a holiday in place of Patriots' Day, April 19th.

## ARTICLE V
## BUSINESS MANAGER-FIELD REPRESENTATIVE
## STEWARDS-FOREMEN

*Section 1.* The Business Manager or Field Representative of the Union shall be allowed to visit the job during working hours.

*Section 2.* A steward shall be furnished by the Union Representative of the Local Union which has territorial jurisdiction in the area where the job or project is located. The steward shall be allowed a reasonable amount of time to check laborers' dues books and report any violations of the Agreement to the Union. The steward shall not be laid off unless he is the last Laborers on the job other than the foreman who has been the foreman on the job and the Local Union shall be notified forty-eight (48) hours prior to the layoff, excluding Saturdays, Sundays and holidays. The steward shall work on the job until the completion of all work covered by the terms of this Agreement and shall be entitled to work all overtime when work covered by this Agreement is being performed.

The steward may be assigned to a Laborer subcontractor on the project with the prior approval of the Business Manager, which shall not be unreasonably withheld, so long as the general contractor or construction manager does not employ Laborers on its payroll. However, the general contractor or construction manager shall have the ultimate responsibility to make certain that a steward is present when required by this Article. Said Steward shall be the only steward on the project.

The Employer shall give the Union at least forty-eight (48) hours written notice, excluding Saturdays, Sundays and holidays, before discharging the steward

in all cases; however, no discharge is to take place without a prior conference with the Union Representative within the time period specified above.

If either party does not attend the conference, his rights under this Section are waived.

In the event a layoff of employees is to occur, the steward shall be notified as to the layoff no later than 3:30 p.m. on the date of the layoff. The Steward shall be the first Laborer other than the foreman to be recalled after a temporary layoff. The Business Manager shall be notified to recall the Steward so that in case the Steward is not available to return to the job, the Steward may be replaced.

All stewards shall be working stewards.

*Section 3*.   Laborer foremen in charge of Laborers must be members of the Union in good standing for a period not less than one (1) year and shall be covered by all the terms of this Agreement and shall receive not less than one dollar ($1.00) per hour over the basic hourly rate paid to the Laborers under their direction, and shall receive a guaranteed forty (40) hours pay per week.

For the purpose of directing Laborers, on all operations where seven (7) or more Laborers are employed, a Laborer foreman shall be selected by the Employer. The second Laborer foreman shall be supplied by the Local Union that has the territorial jurisdiction in the area where the job is located and such additional Laborer foremen shall be acceptable to the Employer.   The third Laborer foreman shall be selected by the Employer and the fourth by the Local Union, and any additional foremen will be alternated as provided above.

The Laborer foreman shall not be compelled to work with the tools and shall devote his or their attention to the direction of the work involved.

## ARTICLE VI
## COVERAGE AND DESCRIPTION OF LABORERS' WORK

*Section 1*.   It is agreed that Laborers' work shall include but not be limited to all work recognized by the Employer as outlined and described in Article XXIII herein.

14

***Section 2.***   Work assignments shall be made by the Employer in accordance with present decisions and agreements of record and area practice.

In the event a jurisdictional dispute arises then, the disputing unions shall request the other union or unions involved to send representatives to the job site to meet with representatives of the Union and Employer to settle the dispute.  If unanimous agreement is not reached at the meeting, the Union shall request that its International Union assign a representative who shall make arrangements to meet representatives of the other International Union or Unions involved and representatives of the Employer on the job site to seek settlement of the dispute. The Employer shall also request the International Unions involved to assign representatives to seek settlement of the dispute.

If the above procedures, or any other mutually agreed upon procedure, fails to resolve the problem, then the Employer at the request of the Union, agrees to participate in a tripartite arbitration with all the disputing parties.  The impartial umpire to hear the dispute can be mutually agreed upon by the parties, or appointed by the American Arbitration Association.

Decisions rendered by any of the above procedures shall be final, binding and conclusive on the Employer and the Union parties to this Agreement.

There shall be no strikes, picketing or lockouts over any jurisdictional dispute.

## Maintenance of Operations on Projects

To prevent jurisdictional disputes from arising on projects or over the method of starting a project, Employers are directed to follow the procedures outlined below.

## Employer's Responsibility

The Employer who has the responsibility for the performance and installation shall make a specific assignment of the work which is included in its contract.  For instance, if Employer A subcontracts certain work to Employer B, then Employer B shall have the responsibility for making the specific assignment for the work included in its contract.  If Employer B in turn shall subcontract certain work to Employer C, then Employer C shall have the responsibility for making the specific

assignment for the work included in its contract. The Employer shall not hold up disputed work or shut down a project on account of a jurisdictional dispute.

*Section 3.* Jurisdictional Claims on the Laborers' International Union of North America shall extend over the divisions of the trade as set forth in Article XXIII.

*Section 4.* Any violation of this Article VI shall be processed as a jurisdictional dispute.

## ARTICLE VII
## REPORTING TIME PAY

*Section 1.* After a person has been first hired and ordered to report to work at the regular starting time and no work is provided for him on the day that he is so ordered to report, he shall receive reporting time pay equivalent to two (2) hours at the regular straight time hourly rate. If the person has been working regularly, and the Employer has failed to notify him not to report for work before leaving his residence, he shall be entitled to two (2) hours reporting time pay at the regular straight time hourly rate, and this two (2) hour reporting time pay shall not be subject to the weather provisions of Section 5 of this Article VII. To be eligible for reporting time pay as provided herein, the employee must remain at the job site and be available for work unless told by the Employer that he may leave.

*Section 2.* Employees shall furnish their Employer with current telephone number or other contact at the start of each job, and advise the Employer of any subsequent change or changes in such contact during the course of the job.

*Section 3.* Any employee who reports for work, and for whom work is provided, regardless of the time he works, shall receive the equivalent of not less than four (4) hours pay at the regular straight time hourly rate provided he is available for work throughout such period.

*Section 4.* Any employee who reports for work and who works four (4) or more hours in any one (1) day shall receive the equivalent of not less than eight (8) hours pay at the regular straight time hourly rate provided that he is available for work until the end of that regular work day.

*Section 5.*   It is expressly provided, however, that if the employee leaves the job site without permission of the Employer, or when a person refuses to work or continue to work, or when work stoppages brought about by a third party or parties prevent or make ill-advised, in the opinion of the Employer, the performance or continuance of work, or when weather makes work impractical, payment for time not actually worked shall not be required.

*Section 6.*   Where notification of the men is required under this Agreement to the effect that work shall not be performed on a particular day, notification of such fact to the steward shall be sufficient notification to the men, provided the steward is permitted enough time during working hours to notify the men.

## ARTICLE VIII
## CHECK OFF AND PAYROLL DEDUCTION

*Section 1.*   The Employer agrees to deduct the sum of ninety cents ($.90) per hour for each hour worked from the weekly wages, after taxes, of each employee, provided, such employee has executed voluntary written authorization for such deductions to be allocated as follows:

a) Eighty-eight cents ($.88) shall be used as hourly membership dues to support the Local Unions and the Massachusetts Laborers' District Council.

b) Two cents ($.02) of the amount provided in Section 1 shall be used as a voluntary contribution payable to the Laborers' Political League (LPL) to enable the Massachusetts Laborers' District Council and its affiliated Local Unions to participate more fully in matters affecting the welfare of its members.

17

***Section 2.***   A sample authorization for such deductions is as follows:

### *Deduction Authorization*

## DUES DEDUCTION AUTHORIZATION

To all Employers by whom I am employed during the terms of the present or future Collective Bargaining Agreements either by and between signatory Contractor Associations and the Massachusetts Laborers' District Council of the Laborers' International Union of North America, AFL-CIO and its Affiliates, or by an Employer, not a member of said Associations, which has an individual collective Bargaining Agreement with the Council and its affiliates.

I, _____ / _____
             (Print Member Name)                        (Social Security Number)

of Local #_____ hereby authorize my Employer to deduct from my wages each week eighty-eight cents ($.88) per hour for each hour worked, or the amount of dues specified in any future collective bargaining agreement covering my employment, all of said amounts constitute what are known as the hourly deductions as part of my membership dues for said week owing by me to the Union. Such deduction shall be made from my earned pay on each regularly-scheduled pay day and shall be remitted to the designated depository at the same time and along with the Health & Welfare, Pension, Legal, Annuity, Training, New England Laborers' Labor-Management Cooperation Trust, New England Laborers' Health & Safety Fund and Massachusetts Laborers' Unified Trust contributions.

This authorization shall become operative upon the effective date of each Collective Bargaining Agreement entered into between my Employer and the Union or upon the date that I execute this card, whichever is sooner. This authorization shall remain in effect during the terms of the current and all future Collective Bargaining Agreements entered into between my Employer and the Union unless it is specifically revoked in writing, bearing the date and my signature, and delivered to the Offices of the Local Union of which I am a member and to the Employer to whom I am currently employed.

Signature: _____

Date: _____

## LABORERS' POLITICAL LEAGUE

This is to certify that

_____ / _____
             (Print Member Name)                        (Social Security Number)

of Local # _____ has made a voluntary contribution of two cents ($.02) per hour for each hour worked to the Laborers' Political League (LPL). Foreign nationals may not contribute. I understand that this voluntary payment is not a condition of membership in the union and that the union cannot favor or disadvantage me because of the amount of my contribution or my decision not to contribute. LPL will use the money it receives to make political expenditures and contributions in connection with federal, state and local elections. While specific amounts may be mentioned, these are merely suggestions, and you are free to contribute more or less than the suggestion.

I hereby authorize my Employer to deduct from my wages each week, two cents ($.02) per hour for each hour worked as a voluntary contribution to the Laborers' Political League (LPL), which I understand constitutes a separate segregated fund used for the purposes allowed under the Federal Election Campaign Act, 2 U.S.C. Sec. 441(b). Such authorization shall be remitted to the designated depository at the same time and along with the Health & Welfare, Pension, Legal, Annuity, Training, New England Laborers' Labor-Management Cooperation Trust, New England Laborer's Health & Safety Fund and Massachusetts Laborers' Unified Trust contributions.

Any revocation of the above must be in writing, bear the date and my signature, and be delivered to the Offices of the Local Union of which I am a member and to the Employer to whom I am then currently employed.

Signature: _____

Date: _____

Any and all contributions to the Laborers' Political League are not deductible as charitable contributions for federal income tax purposes.

18

***Section 3.***   It shall be the sole responsibility of the Union to procure, pursuant to the provisions of Section 302(c) of the Labor-Management Relations Act of 1947, as amended, the signed individual authorization of every employee subject to this Agreement, both present and future.  The Union shall indemnify and hold harmless each Employer from any claim arising under this Article including the furnishing of counsel to defend against any such actions.

***Section 4.***   Any Employer who fails to file his reports and remit the deductions when the same is due and payable shall be considered in violation of this Agreement and subject to the penalties outlined in Article XX.

## ARTICLE IX
## CONDITIONS OF AGREEMENT

***Section 1.***   On the first (1st) day of employment, laborers shall furnish the documents required by Federal Law or regulation for I-9 and W-4 forms and their OSHA 10 hour certification.  All wages due under this Agreement shall be paid on the regular pay day designated by the Employer in lawful U. S. currency, or check, once each week during working hours, before 4:00 PM.  Payment shall be made showing employee's name, hours worked, amount earned, social security deduction, withholding tax, Employer's name and address.  Any Employer paying wages to an employee by check shall do so during working hours, before 4:00 PM on Monday, Tuesday, Wednesday, or Thursday.  If the regular pay day falls on a holiday that is not worked, the employee then shall be paid on the day before the holiday in question.  Also, any Employer paying wages to an employee by check shall notify employees of a bank or other facility at which checks can be cashed, within reasonable proximity to the job site, without charge to the employee.  The Employer shall withhold not more than three (3) days' pay in any one week.  If an employee is discharged or laid off for any reason, his wages shall be paid in full before 3:30 PM and he shall receive a full day's pay for that day and he shall also be given a lay-off slip if requested by the employee for unemployment insurance at the time of the lay-off.  If payment is not made expressly as provided herein, then the employee who has been terminated shall be paid for all waiting time until paid; waiting time to be paid at the regular eight (8) hour straight time rate for each day until paid.  If any employee quits of his own accord, he shall receive wages for the time he worked on the next regular pay day.

19

*Section 2.*   Rain gear and slipover boots must be provided by the Employer if men are ordered to work in rain, mud, concrete or snow.   Men cannot be terminated if they are unable to work because they are not furnished rain gear and slipover boots.   All tools, boots, hats and rain gear and other implements and equipment, other than those customarily furnished by employees, necessary to the performance of any of the work covered by this Agreement, shall be furnished by the Employer and shall remain the property of the Employer when not in use or upon leaving its employ.   Each employee may be required to sign a receipt for such equipment at the time he receives it, and he shall be liable for the cost of the replacement of any equipment which is lost or otherwise not returned to the Employer.

*Section 3    Clothes    Room*    The   Employer   shall   provide   a   clean, comfortable, heated shed or room, of suitable size for the Laborers to change their clothes and partake their lunch.   Such place shall not be used to store tools, equipment or materials.

*Section 4.    Drinking Water*   The Employer shall provide clean drinking water with paper cups to each employee on the construction site, in accordance with applicable Federal and State Laws. The water shall be changed once in the morning and once in the afternoon.

*Section 5.    Toilets*    Clean, sanitary toilets shall be provided for the employees' use in accordance with applicable Federal and State Laws.

*Section 6.    Telephone*   A phone shall be made available on the job site for the employees' use in case of emergency, if telephone service is available.
The use of personal cell phones, Ipods, radios, Blackberrys and other similar electronic devices is strictly prohibited at the site of construction projects during working hours.

*Section 7.    Lost Time Because of Accidents*   There shall be no lost time on the day of a minor injury for the employee obliged to receive medical attention and treatment, provided he returns to work within a reasonable time on that day. Employees seriously injured on the job who have to obtain medical treatment, shall not be required to work on the day of the injury to receive payment of wages for that day.   The injured employee or steward will notify the Employer on the date of the injury of any injury which occurs on the job and shall furnish the name

and address of the physician consulted for medical attention as provided herein. When an employee is seriously injured on the job, the steward or the foreman shall be permitted to notify the Union of the injury.

Any apprentice assigned to any employer shall first be required to complete a ten (10) hour safety program provided by the New England Laborers' Training Trust Fund. The Employer and the Union shall further cooperate in scheduling the training of all employees covered by this agreement

**Section 8.**   *Quitting Time*   Each employee shall be given sufficient time at the end of the day to put away his tools and be at the clothes room or change shack at quitting time.

**Section 9.**   *Travel and Subsistence*

(a)   When Laborers are employed on the Islands, two (2) hours per day traveling time shall be paid at single time rate, when an eight (8) hour day is actually worked, if required to travel by boat.

(b)   When Laborers are employed on Martha's Vineyard, Nantucket, Nomans and Elizabeth Islands, the Employer agrees to pay room and board expenses if it becomes necessary for the men to stay overnight.

## ARTICLE X
## MASSACHUSETTS LABORERS' HEALTH and WELFARE FUND

**Section 1.**   Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Health & Welfare Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

**Section 2.**   *Contributions to Fund*   Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by the terms of this Agreement, to the Massachusetts Laborers' Health and Welfare Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll of the preceding calendar month. The said Fund will be administered by a Board of Trustees selected and appointed under the provisions of the Trust Agreement executed by the Union and the

21

Employers.   Said Trust Agreement shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.   The said Fund will be used to purchase accident and sickness disability insurance and hospitalization, medical and surgical benefits and/or other welfare benefits of a similar nature for the said employees as provided in the said Trust Agreement.

The Union reserves the right to remove the employees whose wages, hours and working conditions as set forth in this Agreement from any job for which the Employer has failed to remit to the aforementioned Health and Welfare Fund monies due to the Fund within the time for payment thereof, as determined by the Board of Trustees acting under the authority of the Agreement and Declaration of Trust under which the Fund operates.

The failure to contribute by the Employer to the said Health and Welfare Fund, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein.   The Massachusetts Laborers' Health and Welfare Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

*Section 3.   New Federal Health Insurance Law*   In the event that a new federal health insurance law becomes effective during the term of this Agreement, the parties agree to meet and reopen the contract to make any changes necessitated by the law and to negotiate other provisions as may be appropriate.   In the event the parties are unable to agree upon the changes required by law or other appropriate changes, the matter may proceed to final and binding arbitration pursuant to Article XXVI at the request of either party; provided that the Arbitrator shall not be permitted to increase the cost to the Employer.

## ARTICLE XI
## NEW ENGLAND LABORERS' HEALTH and SAFETY FUND

*Section 1.*   Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Health & Safety Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

22

*Section 2*.  Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee covered by the terms of this Agreement to the New England Laborers' Health and Safety Fund.

*Section 3*.  Said sum shall be paid into the Fund no later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month.  The Fund will be administered by a Board of Trustees selected under and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers.

*Section 4*.  The Plan and Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and states where this Agreement applies.  The Trust and Plan at all times shall be a "qualified" Trust and Plan as defined by Sec. 401 of the Internal Revenue Code.  The Plan and Trust shall be created and administered, subject to modification, change of methods or administration and practices as may be required to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers

*Section 5*.  The failure to contribute by the Employer to the said Health and Safety Fund, as provided herein, for the purpose of remedy the Union may pursue, as covered in Article XX herein.  The New England Laborers' Health and Safety Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XII
## MASSACHUSETTS LABORERS' PENSION FUND

Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Pension Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by the terms of this Agreement to the Massachusetts Laborers' Pension Fund.  Said sum will be paid into said Fund not later than the twentieth (20th) day of each and

23

every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers. The Plan and the Trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.

The Trust and Plan at all times shall be a "qualified" Trust and Plan, as defined by Section 401 of the Internal Revenue Code. The Plan and the Trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required, to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers.

The failure to contribute by the Employer to the said Pension Fund, as provided herein, for the purpose of the remedy the Union may pursue is covered in Article XX herein. The Massachusetts Laborers' Pension Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

### ARTICLE XIII
### NEW ENGLAND LABORERS' TRAINING TRUST FUND

Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Training Trust Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee covered by the terms of this Agreement, to a Training Fund known as New England Laborers' Training Trust Fund. Said sum will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employers. The Plan and Trust shall conform to the Labor-Management

Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts and the State of New Hampshire. The Trust and Plan at all times shall be a "qualified" Trust and Plan as defined by Section 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods or administration and practices as may be required to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of Federal Income Tax of the Employers.

The failure to contribute by the Employer to the said Training Fund as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX, herein. The New England Laborers' Training Trust Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

**ARTICLE XIV**
**MASSACHUSETTS LABORERS' LEGAL SERVICES FUND**

*Section 1.*  Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Legal Services Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.*  Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each employee, covered by this Agreement to the Massachusetts Laborers' Legal Services Fund.  Said contributions will be paid into such Fund not later than the twentieth (20th) day of each and every month for the hours worked by said employees up to the end of the last completed payroll period of the preceding calendar month.  The failure to contribute to this Fund by the Employer as provided herein shall be subject to the provisions of Article XX hereof.  The Massachusetts Laborers' Legal Services Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

**ARTICLE XV**
**MASSACHUSETTS LABORERS' ANNUITY FUND**

*Section 1.*   Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Annuity Fund Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Trust Agreement.

*Section 2.*   Each Employer agrees to pay for each hour worked by each employee, covered by this Agreement, to the Massachusetts Laborers' Annuity Fund, the negotiated contribution in each respective zone and any future allocated increase during the term of this agreement (reflected in Appendix A of this Agreement).   Said sums will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll of the preceding calendar month.   Payment shall be made in one check and on the same form furnished by the Massachusetts Laborers' Benefit Funds.   The said Fund will be administered by a Board of Trustees selected and appointed under the provisions of the Trust Agreement executed by the Union and the Employers.   Said Trust Agreement shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States, the Commonwealth of Massachusetts and the State of New Hampshire.

*Section 3.*   Members of the Association and Employers subscribing to the Trust Agreement, when working outside the jurisdictional area of this Agreement in areas where they have no contractual obligation to contribute to an annuity fund, shall contribute the same amount in the same manner as set forth above to the "Massachusetts Laborers' Annuity Fund" for each Laborer when said Laborer is sent and put to work by the Employer from the territorial jurisdiction set forth in Article I.

*Section 4.*   Failure to contribute to the Fund shall be a violation of this Agreement.   The Union and the Employer mutually recognize the requirement that contributions to this Fund be made on a current basis by all Employers who have made one or more contributions to the Fund or have entered into an agreement with the Union requiring such contributions.

*Section 5.*   The Fund shall be used to provide benefits as determined by the Trustees in accordance with the terms of the Trust.   The failure to contribute

26

by the Employer to the said Annuity Fund, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein.   The Massachusetts Laborers' Annuity Fund shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XVI
## NEW ENGLAND LABORERS' LABOR-MANAGEMENT COOPERATION TRUST

*Section 1.* Each Employer subscribes to and agrees to be bound by the New England Laborers' Labor-Management Cooperation Trust Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.* Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by an employee covered by this Agreement to the New England Laborers' Labor-Management Cooperation Trust Fund.

*Section 3.* Said sum will be paid into said Fund not later than the twentieth (20th) day of each month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a Board of Trustees selected under, and subject to the provisions of a Trust Agreement and Plan entered into by the Union and the Employer and others.

*Section 4.* The Plan and Trust conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts. The Trust and the Plan at all times shall be a "qualified" Trust and Plan, as defined by Section 401 of the Internal Revenue Code. The Plan and Trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required to, the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary and necessary expense of doing business in the computation of Federal Income Tax of the Employers.

*Section 5.*   The failure to contribute by the Employer to the said New England Laborers' Labor-Management Cooperation Trust Fund, as provided herein, for the purpose of the remedy the union may pursue, is covered in Article XX herein.

## ARTICLE XVII
## MASSACHUSETTS CONSTRUCTION ADVANCEMENT PROGRAM

*Section 1.*   Each Employer subscribes to and agrees to be bound by the Massachusetts Construction Advancement Program Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2.*   This Trust, known as the Massachusetts Construction Advancement Program, shall be referred to in this Article as "the Fund". The Fund shall be administered solely and exclusively by Trustees appointed pursuant to the provisions of the Trust instrument.

*Section 3.*   Each Employer agrees to pay the sum reflected in Appendix A of this Agreement, per hour for each hour worked by each of its employees, covered by this Agreement, to the Massachusetts Construction Advancement Program.

*Section 4.*   The Fund will be used by its Trustees for the following express purposes: A.   Manpower Recruitment and Training; B.   Education; C.   Safety and Accident Prevention; D.   Public Relations; E.   Equal Employment; F. Intra-Industry Relations; G.   Market Development; H.   Market Research; and I. Information Services within the construction industry for the mutual benefit of Employers and their employees.

*Section 5.*   The Fund shall not be used for any of the following expressly prohibited purposes:   A.    Lobbying in support of anti-Union legislation;   B. Supporting litigation before a court or any administrative body against the Union or any of its agents; and C.   Subsidizing contractors during a period or periods of work stoppages or strikes.

*Section 6.*   As a part of the administration of the Fund, there shall be an annual audit of the Fund by an independent certified public accountant. A copy of the audit shall be made available to all parties signatory hereto.

*Section 7.* In the event that the Union has reasonable cause to believe that the Fund is being used for any of the purposes prohibited by Section 5, the dispute shall be subject to the arbitration provisions of this Agreement.

## ARTICLE XVIII
## MASSACHUSETTS LABORERS' UNIFIED TRUST

*Section 1.* Each Employer subscribes to and agrees to be bound by the Massachusetts Laborers' Unified Trust Agreement and Declaration of Trust and any amendments thereto and ratifies and approves all actions of the Trustees within the scope of said Agreement.

*Section 2:* Each Employer agrees to pay the sum reflected in Appendix A in this Agreement, per hour worked by each employee covered by the terms of this Agreement to a fund known as the "Massachusetts Laborers' Unified Trust".

*Section 3:* Said sums will be paid into said Fund not later than the twentieth (20th) day of each and every month for hours worked by said employees up to the end of the last complete payroll period of the preceding calendar month. The Fund will be administered by a board of Trustees selected under, and subject to the provisions of a Trust Agreement and plan entered into by the Union and the Employers. The plan and trust shall conform to the Labor-Management Relations Act of 1947, as amended, and all other applicable laws and regulations of the United States and the Commonwealth of Massachusetts. The trust and plan at all times shall be an exempt trust and plan, as defined by Section 401 of the Internal Revenue Code. The plan and trust shall be created and administered, subject to modification, change of methods of administration and practices as may be required, to the end that at all times contributions by the Employers to the Fund shall be deductible as an ordinary expense of doing business in the computation of federal income tax of the Employers.

*Section 4:* There shall be a total of four (4) Trustees to constitute the Board of Trustees to administer the Fund. Said Trustees to be appointed as follows: two (2) Trustees shall be appointed by the Massachusetts Laborers' District Council and two (2) Trustees shall be appointed by the Association. The representatives on the Board of Trustees shall at all times be equally divided among Union and Management. Each of the appointing parties shall have the power to remove, replace and appoint successors as Trustees appointed by them.

***Section 5:***   The failure to contribute by the Employer to the said Unified Trust, as provided herein, for the purpose of the remedy the Union may pursue, is covered in Article XX herein.  The Massachusetts Laborers' Unified Trust shall meet the requirements of all Federal and State Laws regarding the same, including the Internal Revenue Service.

## ARTICLE XIX
## DELINQUENT PAYMENTS

***Section 1.***   Employers who are delinquent in their payments to the Massachusetts Health & Welfare, Pension, Legal Services, Annuity, Unified Trust, New England Laborers' Labor-Management Cooperation Trust, Training Trust and Health & Safety Funds shall not have the privilege of employing Laborers under the terms of this Agreement if such payments have not been made after written notice, sent by registered mail, return receipt requested, of such delinquency is given by the Union and seventy-two (72) hours have elapsed since such notice.  All employees affected by such delinquency to any of the above-mentioned Funds, and who have lost work as a result thereof, shall be paid their normal wages by the delinquent Employer, until said delinquency is cured and the employees resume their work.

Once an Employer has been adjudged a delinquent by any of the above-mentioned Fund Trustees, he shall, in addition to remitting to the Funds for his past delinquencies, be required to make his current payments on a weekly basis and further furnish a fifty thousand ($50,000) surety bond to the Trustees of each respect Fund as listed above.  All attorney's fees, sheriff's costs, accounting and court costs involved to collect delinquent payments from the delinquent Employer, or to obtain an audit from an Employer who has refused to permit one, must be borne fully by the Employer involved.

***Section 2.***   In accordance with Section 5.02(g)(2) of ERISA, as amended, the Trustees do establish the rate of interest to be paid by Employers on delinquent contributions to be ten percent 10% and further, liquidated damages shall be assessed in an amount of twenty percent (20%) of the amount of the delinquency, or such higher percentage as may be permitted under Federal or State Law, plus reasonable attorney's fees and costs of the action.

*Section 3.* If an audit by the Trustees or their representative determines that an Employer has not correctly reported the hours worked by his Laborers, the Employer, in addition to other remedies provided in the Trust Agreement, shall be liable to the Funds for the cost of auditing his payroll records, interest at the rate stated in Section 2 above from the date when payment was due to the date when payment was made, attorney's fees and liquidated damages in the amount of twenty percent (20%) of the delinquent amount.

*Secton 4.* The parties agree that the Trustees of the Delinquency Committee shall have the right to terminate the collective bargaining agreement of any Employer deemed by them to be habitually delinquent.

## ARTICLE XX
## SEVERAL LIABILITY

*Section 1.* The obligation of each Employer member of the Associations shall be several and not joint. This Agreement shall be binding upon each Employer signatory hereto and its successors and assigns, and no provisions contained or incorporated herein shall be nullified or affected in any manner as a result of any consolidations, sale, transfer, assignment, or any combination or other disposition of the Employer.

*Section 2.* The Massachusetts Laborers' District Council, a party to this Agreement, shall not be held responsible for any unauthorized act committed by any affiliated Local Union or members thereof, unless the said Massachusetts Laborers' District Council has ordered or ratified the same or condoned such act after notice thereof from either of the Associations. The Massachusetts Laborers' District Council agrees that upon the receipt of notice from either Association, parties to this Agreement, of any unauthorized act by a Local Union, it will exercise all of its authority to correct the same and furnish evidence thereof to the Association.

*Section 3.* The obligation of each Local Union, affiliated with the Massachusetts Laborers' District Council, shall be several and not joint.

*Section 4.* The Labor Relations Division of the Associated General Contractors of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. shall not be responsible for

31

## ARTICLE XXX
## TERMINATION OF AGREEMENT

This Agreement will expire on May 31, 2012, except that if neither party to this Agreement gives notice in writing to the other party on or before March 31, 2012 that it desires a change after May 31, 2012, then this Agreement will continue in effect until May 31, 2013 and so on each year thereafter unless on or before March 31st of each year thereafter, a notice is given by either party.

*LABOR RELATIONS DIVISON OF THE ASSOCIATED GENERAL CONTRACTORS OF MASSACHUSETTS*

_____
**Chairman, Board of Trustees**

9 March 2009
**Date:**

*MASSACHUSETTS LABORERS' DISTRICT COUNCIL of the Laborers' International Union of North America on behalf of its affiliates*

_____
**Business Manager, Paul J. McNally**

10 / 28 / 08
**Date:**

_____
**President, James V. Merloni, Jr.**

3/17/09
**Date:**

*The Building Trades Employers' Assoc. of Boston & E. Mass., Inc.*

_____
**Thomas Gunning, Executive Director**

3-9-09
**Date:**

**Witnessed:**

_____
**Armand E. Sabitoni, General Secretary-Treasurer and New England Regional Manager**

**Date:** 3-19-09

51

# APPENDIX A
## WAGE RATES AND CLASSIFICATIONS

*Section 1.*  Zone 1 and Zone 2 - Wage Rates and Benefit Allocations

ZONE 1 SUFFOLK COUNTY (Boston, Chelsea, Revere, Winthrop, Deer & Nut Islands
MIDDLESEX COUNTY ( Arlington, Belmont, Burlington,Cambridge, Everett, Malden, Medford, Melrose, **Newton**, Reading, Somerville, Stoneham, Wakefield, **Waltham, Watertown,**
Winchester, Winthrop, and Woburn only)
NORFOLK COUNTY ( **Braintree**, Brookline, Dedham, Milton, **Quincy** and **Weymouth** only)

|  | 6/1/2008 | 12/1/2008 | 6/1/2009 | 12/1/2009 | 6/1/2010 | 12/1/2010 | 6/1/2011 | 12/1/2011 |
|---|---|---|---|---|---|---|---|---|
| INCREASE | *1.25 | 1.00 | 1.00 | 1.00 | 1.00 | 1.25 | 1.00 | 1.25 |
| Wages | 27.75 | ** | ** | ** | ** | ** | ** | ** |
| H & W | 6.60 | ** | | | | | | |
| Pension | 4.35 | | | | | | | |
| Annuity | 5.40 | | | | | | | |
| Nell-MCT | 0.15 | | | | | | | |
| Unified Trust | 0.50 | | | | | | | |
| Training | 0.45 | | | | | | | |
| Legal | 0.20 | | | | | | | |
| H & Safety | 0.15 | | | | | | | |
| MCAP/BTEA | 0.05 | | | | | | | |
| Total | 45.60 | 46.60 | 47.60 | 48.60 | 49.60 | 50.85 | 51.85 | 53.10 |
| *Dues & LPL | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) |
| Flaggers | 18.50 | 18.50 | 18.50 | 18.50 | 19.50 | 19.50 | 20.50 | 20.50 |

* **Includes May 31, 2008 increase of $.50**

*Dues and LPL are deducted from wages*

58

ZONE 2    The Counties of BARNSTABLE, BRISTOL, DUKES, ESSEX, NANTUCKET,
PLYMOUTH, and WORCESTER
MIDDLESEX COUNTY ( with the exception of Arlington, Belmont, Burlington,Cambridge, Everett, Malden,Medford, Melrose, **Newton**, Reading, Somerville, Stoneham, Wakefield, **Waltham, Watertown,** Winchester, Winthrop, Woburn)
NORFOLK COUNTY (with the exception of **Braintree**, Brookline, Dedham, Milton, **Quincy and Weymouth)**
FRANKLIN COUNTY ( Warwick, and Orange only)

| | 6/1/2008 | 12/1/2008 | 6/1/2009 | 12/1/2009 | 6/1/2010 | 12/1/2010 | 6/1/2011 | 12/1/2011 |
|---|---|---|---|---|---|---|---|---|
| INCREASE | *1.25 | 1.00 | 1.00 | 1.00 | 1.00 | 1.25 | 1.00 | 1.25 |
| Wages | 25.80 | ** | ** | ** | ** | ** | ** | ** |
| H & W | 6.60 | | | | | | | |
| Pension | 4.35 | | | | | | | |
| Annuity | 4.00 | | | | | | | |
| Nell-MCT | 0.15 | | | | | | | |
| Unified Trust | 0.50 | | | | | | | |
| Training | 0.45 | | | | | | | |
| Legal | 0.20 | | | | | | | |
| H & Safety | 0.15 | | | | | | | |
| MCAP/BTEA | 0.05 | | | | | | | |
| Total | 42.25 | 43.25 | 44.25 | 45.25 | 46.25 | 47.50 | 48.50 | 49.75 |
| *Dues & LPL | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) |
| Flaggers | 18.50 | 18.50 | 18.50 | 18.50 | 19.50 | 19.50 | 20.50 | 20.50 |

*THE COUNCIL RESERVES THE RIGHT TO ALLOCATE THESE INCREASES IN ITS DISCRETION AMONG WAGES, FRINGE BENEFITS AND DUES DEDUCTION.

## *Section 2.*    Watchmen Wage Rates and Benefit Allocation

| | 6/1/08 | 12/1/08 | 6/1/09 | 12/1/09 | 6/1/10 | 12/1/10 | 6/1/11 | 12/1/11 |
|---|---|---|---|---|---|---|---|---|
| INCREASE | *1.25 | 1.00 | 1.00 | 1.00 | 1.00 | 1.25 | 1.00 | 1.25 |
| Wages | 21.80 | ** | ** | ** | ** | ** | ** | ** |
| H & W | 6.60 | ** | | | | | | |
| Pension | 4.35 | | | | | | | |
| Annuity | 5.40 | | | | | | | |
| Nell-MCT | 0.15 | | | | | | | |
| Unified Trust | 0.50 | | | | | | | |
| Training | 0.45 | | | | | | | |
| Legal | 0.20 | | | | | | | |
| H & Safety | 0.15 | | | | | | | |
| MCAP/BTEA | 0.05 | | | | | | | |
| Total | 45.60 | 46.60 | 47.60 | 48.60 | 49.60 | 50.85 | 51.85 | 53.10 |
| *Dues & LPL | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) | (-.90) |

* Includes May 31, 2008 increase of $.50

*Dues and LPL are deducted from wages*